UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,   Case No. 1:04-CR-167

    Plaintiff,   Hon. Richard Alan Enslen

v.

AARON FRASER,
a/k/a ASANTE KAHARI,

                          **OPINION**

    Defendant.          /

This matter is before the Court on Plaintiff's Motion to Dismiss Defendant Aaron Fraser's[1] Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.[2] Upon review of the briefing, the Court determines that the issues raised may be resolved without resort to an evidentiary hearing[3] or oral argument.

**I.   BACKGROUND**

On November 24, 2004, Defendant was convicted of bank fraud, mail fraud and possession of counterfeit checks following a three-day jury trial. On February 24, 2005, Defendant was sentenced to a 21-month term of imprisonment and five years of supervised release. On March 4, 2005, Defendant appealed his conviction to the Sixth Circuit Court of Appeals. The Sixth Circuit

---

[1]The Court notes Defendant's legal name is not a certainty. However, as Defendant was indicted under the name Aaron Fraser and signed his Motion to Vacate under Section 2255 as Aaron Fraser, the Court will refer to him as such in this Opinion.

[2]Plaintiff appears to moves for dismissal under Rule 4 Governing Section 2255 Proceedings under which the Court may dismiss Defendant's claim if it is clear from the record Defendant is not entitled to relief.

[3]An evidentiary hearing is not required when the record conclusively shows that a movant is not entitled to relief. *See Ross v. United States*, 339 F.3d 483, 490 (6th Cir. 2003).

affirmed Defendant's conviction on June 1, 2006 holding that the Court did not commit reversible error by admitting portions of Defendant's book, *Birth of a Criminal,* into evidence in violation of Federal Rules of Evidence 403 and 404(b). *See United States v. Fraser*, 448 F.3d 833, 835 (6th Cir. 2006). Defendant was released from prison on August 30, 2006. On December 12, 2006, Defendant's term of supervised release was revoked based on admitted violations and he was sentenced to a term of 11 months of imprisonment. Defendant now moves to vacate, set aside, or correct his sentence on the grounds that he was denied effective assistance of counsel during his trial in violation of the Sixth Amendment.

## II.   CONTROLLING STANDARDS

Under 28 U.S.C. § 2255, a prisoner may bring a motion to vacate, set aside or correct his sentence if he believes: (1) it was imposed in violation of the Constitution or a statute; (2) that the court was without jurisdiction to sentence him; (3) that his sentence exceeds the maximum authorized by law; or (4) his sentence is otherwise subject to collateral attack. In order to prevail upon a section 2255 motion, the petitioner "must allege one of three bases [of error]: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003) (citing *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)). This being Defendant's first collateral attack on his Judgment *via* section 2255, his Motion is properly before this Court. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

## III.   ANALYSIS

Defendant claims he suffered ineffective assistance of counsel at the trial level. Specifically, Defendant alleges his trial counsel, Attorney Paul Denenfeld, was constitutionally deficient for six

2

reasons: 1) counsel failed to consult with Defendant about the defense; 2) counsel failed to "preserve [Defendant's] rights by not objecting to clear violations of those rights at trial"; 3) counsel provided a copy of the book to the prosecution; 4) counsel failed to object to Ms. Rebecca Hugg's testimony; 5) counsel failed to object to Defendant being charged with the actual perpetration of the crime; and 6) counsel failed to poll the jury after they returned a verdict concerning the book and its affect on their decision.

In order to prevail on a claim of ineffective assistance, a defendant must show: (1) that his counsel made errors so serious that he "was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and; (2) "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington,* 466 U.S. 668, 687 (1984).

The first prong of the test, attorney performance, is judged by "reasonableness under prevailing professional norms." *Id.* at 688. In evaluating this prong, the Court must be "highly deferential" to counsel's performance and avoid being guided by the benefits of hindsight. *Id.* at 689 ("Every effort [must] be made to eliminate the distorting effects of hindsight."). The Supreme Court has recognized that a trial attorney faces a myriad of different decisions. *Engle v. Isaac*, 456 U.S. 107, 133 (1982). When counsel has overlooked or chosen to omit a possible argument, it does not give rise to a constitutionally deficient performance. *Id.* at 133-34. "[T]he court [] recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. Further, the defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id*. at 689 (citations omitted). Under the second prong of the test,

the defendant must show that there is a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

A.   Failure to Consult Defendant about Defense

Defendant asserts his attorney failed to consult him as to what theory of defense to present to the jury and, as a result, erroneously presented him to the jury as a "dupe." Defendant's claim, however, does not meet the *Strickland* two-prong test. First, Defendant has failed to allege any other theory of defense which Attorney Denenfeld should have employed. In fact, Denenfeld describes in detail, in his affidavit, his strategic reasoning behind the theory of the defense and why it was a better alternative to merely arguing the Government could not meet its burden of proof. (*See* Denenfeld Aff. at ¶¶ 1-7.) Denenfeld has also attested that Defendant was pleased with his opening statement and the theory of the case. (*Id*. at ¶ 12.) Most fatal to Defendant's claim, however, is his inability to show prejudice from the failure to consult or the theory presented. *Strickland*, 466 U.S. at 694. As Defendant has not presented any other theory of the case which should or could have been presented to the jury, nor has he shown that there was a reasonable probability that but for the choice of defense strategy the outcome of the case would have been different, his claim is denied.[4]

B.   Failure to Object to "Clear Violations"

Defendant asserts counsel "failed to preserve my rights by not objecting to clear violations of those rights at trial. The appellate [sic] agreed with my position but asserted on every point that was not preserved by counsel." (Mot. at 1.) The Court liberally construes *pro se* pleadings and has

---

[4] The Court notes that the Government had very strong proof in this case which included internet messages, phone call records, wire transfers, and airplane tickets which connected him to the crime. Therefore, it is not surprising Defendant is unable to articulate an alternative theory of defense in the face of such evidence.

4

done so in this circumstance. However, the Court has ascertained that Defendant's claim is without merit or substance after reviewing the record, specifically Defendant's appellate brief and the Sixth Circuit's decision. Defendant appears to argue his trial counsel was ineffective because of points of error raised at the appellate level which the Court did not address.[5] Defendant's appellate brief, however, only asserted one legal argument which was addressed by the Sixth Circuit in a published opinion. *See Fraser*, 448 F.3d at 839-43. To the extent Defendant argues trial counsel failed to object to the admission of his book (his sole claim on appeal), this claim is also baseless. As an initial matter, counsel repeatedly objected to the admission of the book excerpts throughout the trial and, further, the Sixth Circuit expressly held the book was properly admissible. *Id.* at 843. Accordingly, Defendant cannot show trial counsel was ineffective where there is no prejudice. *See Strickland*, 466 U.S. at 694; *United States v. Hynes*, 467 F.3d 951, 970-71 (6th Cir. 2006) (holding attorney not ineffective for failing to object to proper jury instruction).

C.    Providing Book to Prosecution

Defendant contends counsel was ineffective because he believes his attorney provided a copy of Defendant's book to the prosecution. This claim is without merit, as this assertion is nothing more than unsupported speculation. Attorney Denefeld has attested to the fact he did not give the book to the prosecution and further, he did not see the excerpts used at trial until the Government provided them the Friday before trial was scheduled. (Denenfeld Aff. at ¶ 23.) The Government also stated on the record that the book was obtained from Amazon.com. (Tr. at 145.) Finally, Defendant's claim fails because even if the book was supplied by his attorney, there is no prejudice.

---

[5]Defendant appears to rely on the language "sole legal issue preserved for appeal" to base his argument that there were other legal issues not addressed because they were not preserved by trial counsel. *Fraser*, 448 F.3d at 835.

The book was and is readily available from Amazon.com and easily discoverable through Defendant's own website. As a result, Defendant cannot show the Government would have been unable to obtain a copy or that there is any reasonable possibility the outcome of the trial would be different. *Strickland*, 466 U.S. at 694. Therefore, this claim is denied.

D.     Failure to Object to Testimony of Ms. Hugg

Defendant argues his counsel was constitutionally deficient because he failed to "object to the validity of the evidence submitted by Mrs. Hugg." (Mot. at 2.) As is clear from the trial record, Defendant's counsel did "vigorously cross-examine" Rebecca Hugg. (*See* Denenfeld Aff. at 21 & Tr. 395-422.) Particularly, Attorney Denenfeld attempted to impeach Ms. Hugg on her previous grand jury testimony regarding her bank account and her employment status. Counsel also goaded Ms. Hugg into stating she "wasn't truthful," calling into question her credibility. (Tr. at 402-06.) Attorney Denenfeld further objected to various other issues throughout the direct exam. (Tr. 373-95.) Therefore, Defendant's broad and vague argument must fail the *Strickland* test as Defendant cannot show the outcome of the proceeding would have changed. *Strickland*, 466 U.S. at 694.

E.     Failure to Object to "Actual Perpetration of the Crime"

Defendant asserts counsel was ineffective because he failed to object to "Defendant being charged with the actual perpetration of the crime." (Mot. at 2.) The Court construes this as Defendant's contention the Government failed to charge him with an actual crime. This assertion is frivolous. The Indictment charged Defendant with bank fraud, possession of counterfeit securities and wire fraud. (*See* Dkt. No. 1.) The Indictment also properly described Defendant's alleged involvement and actions in regards to these crimes, and therefore, properly charged Defendant with "perpetrating" the crimes. Accordingly, Defendant's claim is denied.

F.   Failure to Poll the Jury

Defendant argues trial counsel was ineffective because he failed to poll the jury after they returned their verdict as to the affect of the book on their decision. Again, Defendant fails to explain how this failure to poll a jury in any way affected the outcome of his trial or prejudiced him in any way. As the Government correctly observes, there is no legal authority which provides that an attorney must poll a jury as to their reasoning behind a guilty verdict. In fact, Federal Rule of Evidence 606(b) prohibits any inquiry into jury deliberations regarding the processes behind reaching a verdict, except when there are allegations of prejudicial information improperly brought to the jury's attention, improper outside influence, or a mistake on the verdict form. As Defendant's proceeding was devoid of any such allegations, Defendant's claim is denied.

G.   Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must also assess whether to grant the issuance of a certificate of appealability to Defendant. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (holding that § 2253 analysis may be done at the time the claim for relief is determined). Under the statute and the United States Supreme Court's determinations in *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000) and *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983), a certificate shall issue if the resolution of the petition is debatable among reasonable jurists or adequate to deserve encouragement for some other reason. Furthermore, the analysis of the sufficiency of the claims must be individually directed to the substance of the constitutional claims asserted. *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 486 (6th Cir. 2001).

Upon review, this Court finds that reasonable jurists would not find Defendant's positions debatable with respect to the substantive grounds for denying relief as to all issues asserted. Accordingly, a certificate of appealability will be denied.

## IV.     CONCLUSION

The Court will grant Plaintiff's Motion to Dismiss for the reasons that it is clear from the record Defendant is not entitled to relief and no evidentiary hearing is necessary. The Court will also deny Defendant Aaron Fraser's Motion to Vacate, Set Aside, or Correct Sentence. Furthermore, the Court denies a certificate of appealability.

A Final Order consistent with this Opinion shall issue.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>        May 14, 2007 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |