UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                         Case No. 1:04-cr-167-01

v.                                      Hon. Richard Alan Enslen

AARON FRASER,

                                          **ORDER**

            Defendant.           /

      This matter is before the Court on Defendant Aaron Fraser's Motion for Reconsideration of the Opinion and Final Order of May 14, 2007, which granted Plaintiff's Motion to Dismiss and denied Defendant's Motion to Vacate, Set Aside, or Correct a Sentence. Under Rule 7.4(a), Defendant must demonstrate that the Court's Order suffers from a palpable defect, and must "also show that a different disposition of the case must result from a correction thereof." W.D. MICH. LCIVR 7.4(a).

      Defendant asserts the Court effectively ignored all the issues he presented. The Court finds this statement to be disingenuous as it exhaustively responded to each of the six allegations of ineffective assistance of counsel contained in Defendant's § 2255 Motion.[1] To the extent Defendant argues his attorney erred by not objecting to the Court stating his book was one of "fact" in its

---

[1] The Court notes Defendant filed a "Supplement to § 2255" dated one day after the Court docketed it Opinion and Final Order. (Dkt. No. 83.) The Court has reviewed the Supplement and finds no legal argument with merit can be ascertained from the one page document. Defendant appears to believe that his conviction can be overturned because the Indictment was against "Aaron Fraser" and not "Asante Kahari," which Defendant asserts is his legal name. Despite Defendant's belief that there was no mention of the name Asante Kahari until the day after the trial began, the Indictment explicitly states the name Asante Kahari as an alias. In fact, Defendant was referred to throughout his trial by this Court as Asante Kahari after a request from his defense counsel. Therefore, the Court finds Defendant's Supplement to have no factual or legal basis.

limiting instruction to the jury, the Court finds no palpable error. This allegation of error was addressed by the Sixth Circuit Court of Appeals on direct appeal, holding

> The district court referred to the summary and excerpts as 'facts' only after the government asked for the court to clarify for the jury that the summary was evidence. . . . In the [limiting] instruction, the court told the jury that both the summary and the excerpts were facts. The district court probably meant to refer to both as 'evidence,' not facts, but this error was not prejudicial. If the jury accepted that all of the excerpts were fact, it would be rightly puzzled because one excerpt refers to the book as fiction and the other as an autobiography. These two excerpts are inconsistent and cannot, therefore, both be 'fact.'

*United States v. Fraser*, 448 F.3d 833, 843 (6th Cir. 2006). Further, the Sixth Circuit held the Court used the word "evidence" when repeating the limiting instruction and also quoted this Court as stating to the jury that "the defendant is on trial for the six counts in the Indictment not for writing a book." *Id*.

In order to prevail on a claim of ineffective assistance, a defendant must show: (1) that his counsel made errors so serious that he "was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and; (2) "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington,* 466 U.S. 668, 687 (1984). When counsel has overlooked or chosen to omit a possible argument, it does not give rise to a constitutionally deficient performance. *Engle v. Isaac*, 456 U.S. 107, 133-34 (1982). Defendant fails to show that his attorney's failure to object to the Court's misstatement fell below "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688. It was reasonable not to object as the Court clarified its mistake when it repeated the limiting instruction and correctly stated the book was "evidence." Moreover, Defendant has failed to establish any prejudice where the Sixth Circuit explicitly found there was none. *Fraser*, 448 F.3d at 843.

Therefore, Defendant has failed to show a palpable error or that a different disposition of the case must result. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Aaron Fraser's Motion for Reconsideration (Dkt. No. 84) is **DENIED**.

Dated in Kalamazoo, MI:   /s/Richard Alan Enslen
June 21, 2007             Richard Alan Enslen
                          Senior United States District Judge